UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

SHANNON LADON WOOD,  Case No.25-10097
　　　　　　　　　　　　　　　　　　　　　Chapter 13

Debtor.

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on the Debtor's Objection to the Proof of Claim filed by Quantum 3 Group (ECF Claim No. 14) and the Response thereto.(Docs. 40,47). Proper notice of hearing was given and appearances were noted on the record. Upon consideration of the pleadings, the record, and the arguments of counsel, this Court finds that the Debtor's Objection is due to be OVERRULED for the reasons below.

JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§1334 and 157, and the Order of Reference by the District Court dated August 25, 2015. This is a core proceeding under 28 U.S.C. §157 (b)(2)(B).

FACTS

The Debtor, Shannon Ladon Wood, filed her Chapter 13 bankruptcy on Friday, January 10, 2025, at 5:29 PM Central (local time). The electronic filing system docket text reflects that Official Form 309I ("Notice of Chapter 13") was not generated until Monday, January 13, 2025, providing the following information:

1

> Meeting of Creditors: The 341 meeting is a telephonic conference using the phone number and access code in the Ch. 13 341 notice. 341(a) meeting to be held on 2/27/2025 at 09:00 AM at John A. Campbell US Courthouse, 5th Floor, 113 St. Joseph Street, Mobile, AL 36602. Last day to File Complaint To Determine Dischargeability of Certain Debts is 4/28/2025. Deadline for all creditors to file a proof of claim (except governmental units): 3/24/2025. Government Proof of Claim due by 7/10/2025. Confirmation hearing to be held on 4/3/2025 at 02:30 PM at Judge Oldshue's Courtroom 2 East, 113 St. Joseph Street, Mobile, AL 36602. Last day to Object to Confirmation 3/27/2025.

(Doc. 10).

The Notice of Chapter 13 specifying the *March 24, 2025 deadline to file proof of claims*, was not transmitted to creditors until January 15, 2025. (Doc. 12). Quantum3 Group LLC, as agent for Denali Capital (formerly World Acceptance Corporation of Alabama)("Quantum") filed an unsecured claim in the amount of $3,420.00 ("POC") on March 24, 2025, which was subsequently amended to attach additional documentation. (ECF Claim Nos. 14-1, 14-2). The Debtor objected to Quantum's POC asserting that,

> . . . Quantum3 Group as agent for Denali Capital, also know[n] as World Acceptance Corporation of Alabama, was listed in Debtor's original schedules and properly sent notice when the case was filed on January 10, 2025. Creditor has failed to timely file the Proof of Claim. As a result, the Debtor avers that the claim should be disallowed in its entirety.

(Doc. 40).

Quantum responded to the Debtor's Objection to Claim averring that March 24, 2025 was set as the deadline for filing claims and the POC was timely filed on March 24, 2025, at 3:52 PM CDT.

ANALYSIS

When a debtor files a bankruptcy petition, creditors may file a proof of claim. *11 U.S.C. § 501(a)*. Federal Rule of Bankruptcy Procedure 3002 sets out the requirements for filing proof of claims. It provides in pertinent part:

> . . . (c) Time to File . In a voluntary Chapter 7 case or in a Chapter 12 or 13 case, the proof of claim is timely if filed within 70 days after the order for relief or entry of an order converting the case to Chapter 12 or 13. In an involuntary Chapter 7 case, a proof of claim is timely if filed within 90 days after the order for relief is entered. These exceptions apply in all cases:
>
> . . . (7) Extending the Time to File . On a creditor's motion filed before or after the time to file a proof of claim has expired, the court may extend the time to file by no more than 60 days from the date of its order. The motion may be granted if the court finds that the notice was insufficient to give the creditor a reasonable time to file.

*FRBR 3002 (c)(7)*.

Courts considering whether to allow late filed claims have taken different approaches. Some have strictly interpreted the Bankruptcy Code and Rules in disallowing claims. *In re Gardenhire*, 209 F.3d 1145 (9th Cir. 2000)(noting that Bankruptcy Code and Rules require disallowance of an untimely proof of claim and that the Bankruptcy Court does not have discretion to enlarge the time for filing other than for those enumerated exceptions in Rule 3002(c), which did not apply in that case); In re *Jensen*, 333 B.R. 906 (Bankr.M.D.Fla.2005) (reading 502(b)(9)'s requirement of timely filing, as a strict bar against late-filed proofs of claim regardless of the reason why such claim is untimely); In re *Brogden*, 274 B.R. 287 (Bankr.M.D.Tenn.2001) (holding that the Code and the Rules make no exception to the 180–day timeliness deadline when faulty notice or other circumstances prevent a governmental entity from filing a timely claim). This Court has also previously recognized that the bar date for proofs of claim in Chapter 13 cases is a strict statute of limitations and that late filing of proofs of claim, over objection, is prohibited except under narrowly defined circumstances. See *In re Burtanog*, No. 16-4163-JCO, 2017 WL 4570701, at 3

(Bankr. S.D. Ala. Oct. 12, 2017)(denying secured creditor's Motion to Allow Late Claim holding that "excusable neglect" is not available as grounds to file an untimely proof of claim in a Chapter 13 case).

Other courts have focused on concerns such as due process and fundamental fairness in allowing late-filed claims when creditors did not receive adequate notice. *In re Adams*, 502 B.R. 645, 647 (Bankr. N.D. Ga. 2013)(finding that fundamental fairness and due process provide sufficient grounds under 11 U.S.C. §105(a) for the Court to exercise its equitable discretion to allow a late-filed claim due to lack of notice); see also, *In re San Miguel Sandoval*, 327 B.R. 493, 508 (B.A.P. 1st Cir. 2005)(citing *In re Collier*, 307 B.R. 20, 25 (Bankr.D.Mass.2004); *U.S. v. Cardinal Mine Supply*, 916 F.2d 1087, 1089–92 (6th Cir.1990); *4 K. Lundin, Chapter 13 Bankruptcy*, § 290.1 (Supp.2002)("Strict application of the Rule 3002 deadline for filing claims assumes that the creditor has received the prescribed notice; late filed claims may be permitted in cases where notice to the creditor was materially deficient or misleading."); *In re Aboody*, 223 B.R. 36, 40 (1st Cir. BAP 1998)(noting that notwithstanding strict application of the limits and duties imposed on creditors by the Bankruptcy Code and the Rules, proceedings in bankruptcy cases are subject to the requirements of due process under the Fifth Amendment to the United States Constitution); *In re O'Shaughnessy,* 252 B.R. 722, 731 (Bankr.N.D.Ill.2000); *In re Corporacion de Servicios Medico–Hospitalarios de Fajardo, Inc.*, 149 B.R. 746, 750 (Bankr.D.P.R.1993)(recognizing that general principles limiting a creditor's rights in bankruptcy give way when the creditor has not received sufficient notice).

Here, the sole basis of the Debtor's Objection to Quantum's POC is that it was late filed. The Debtor contends that the POC was filed after expiration of the 70 days from the January 10, 2025 filing date under Rule 3002. The record reflects, however, that the POC was filed by the

4

deadline stated on the ECF Docket on January 13, 2025 and the Notice of Chapter 13 transmitted to Creditors on January 15, 2025. (Docs.10, 12). Although the ECF docket entry and the Notice of Chapter 13 may not have been properly processed by the Court[1], they plainly state that the deadline for creditors to file proof of claims was March 24, 2025. *Id.*

Thus, the Court finds it appropriate to allow Quantum's POC which was filed in reliance on the Notice of Chapter 13 issued by the Court. The facts of this case are notably distinguishable from those of *Burtanog*, because in this instance, the court's noticing of the deadline to file proof of claims was incorrect. Under such circumstances, disallowance of Quantum's POC would be contrary to due process and fundamental fairness. Further, to the extent necessary, this Court interprets Quantum's Response seeking "further and other relief" as a request for extension of the proof of claim filing deadline to the date of March 24, 2025, and finds that such relief is appropriate under Rule 3002(c)(7) and 11 U.S.C. §105(a) because the Notice of Chapter 13 was not timely transmitted, insufficient, and defective.

## CONCLUSION

For the reasons above, it is hereby ORDERED, ADJUDGED, and DECREED that the Debtor's Objection to Quantum's POC is OVERRULED and the Claim, as amended, is allowed.

Dated: August 25, 2025

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE

---

[1] The delay was likely due to the fact that the Chapter 13 Petition was filed at 5:29PM (after regular business hours) on a Friday.